[No. 16843.  Department Two.  February 23, 1922.]

AUGUST TUCKER, *Appellant,* v. M. LOWENTHAL *et al.,*
                    *Respondents.*[1]

COSTS (11)—MORTGAGES (242)—FORECLOSURE—ATTORNEY'S FEES—
TENDER BEFORE SUIT. A mortgagee is not entitled to recover costs
and attorney's fees in a suit to foreclose a mortgage, where fore-
closure was denied on the ground that the money to satisfy the
mortgage had been duly tendered at or prior to maturity and the
tender had been kept good.

TENDER (4)—MODE AND SUFFICIENCY. Facts in case examined and
held to constitute proper tender.

Appeal from a judgment of the superior court for
Pierce county, Clifford, J., entered April 6, 1921, in
favor of the defendants, in an action to foreclose a
mortgage, tried to the court. Affirmed.

*J. W. Anderson,* for appellant.

*Harry H. Johnston,* for respondents.

HOVEY, J.—This case involves a question of attor-
ney's fees and costs. Appellant owned a mortgage
upon property belonging to respondents, and, prior to
the maturity of the debt, respondents forwarded to a
bank in Tacoma the amount which they considered due,
with directions to notify H. W. Lueders, who had acted
as attorney for the appellant in drawing the mortgage.
Through an oversight the remittance was $10 short,
but this was corrected and the full amount deposited
before the loan became due. The body of the note does
not contain any requirement as to the place of pay-
ment, but one of the notations on the corner is "At
408 Bk Cal Tacoma Wash," which was the office ad-
dress of Mr. Lueders. Mr. Lueders claimed a debt due
him personally from the mortgagors, and he there-

[1]Reported in 204 Pac. 773.

upon sued them in the justice court and garnished the bank where the money had been deposited. Mr. Lueders and the respondent personally visited the bank where the money was deposited and the latter offered to turn over the money if the fund were released from the garnishment, but this Mr. Lueders declined to do. The respondents, through their attorney, offered to deposit ample funds to meet the liability claimed in the garnishment proceeding, but were unable to secure a release. The suit of Mr. Lueders was subsequently settled and he immediately brought suit as attorney for appellant to foreclose the mortgage. Respondents kept their tender good for the original amount of the debt, with interest up to the original date of maturity, and the trial court denied foreclosure and gave the respondents their costs. Appellant contends that he should have been allowed an attorney's fee and his costs of suit.

In our opinion, a proper tender was made in the first instance and respondents should not be held for more under the facts of this case.

The judgment appealed from is affirmed.

PARKER, C. J., HOLCOMB, and MACKINTOSH, JJ., concur.